Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000299
29-NOV-2013
11:13 AM

NO. CAAP-11-0000299

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


HAWAIIAN DREDGING CONSTRUCTION COMPANY, INC.,
Petitioner-Appellee, v. DEPARTMENT OF TRANSPORTATION,
STATE OF HAWAI'I, Respondent-Appellant, and
GOODFELLOW BROS., INC., Intervenor


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-0832-04)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

This is a secondary appeal arising out of a State of
Hawai'i (**State**) procurement dispute involving Respondent-
Appellant-Appellant State Department of Transportation (**DOT**),
Petitioner-Appellee-Appellee Hawaiian Dredging Construction
Company, Inc. (**Hawaiian Dredging**), and Intervenor-Appellant-
Appellee Goodfellow Bros., Inc. (**Goodfellow**). DOT appeals from
the March 1, 2011 Judgment entered by the Circuit Court of the
First Circuit (**Circuit Court**),[1] in favor of Hawaiian Dredging,
and against DOT and Goodfellow, affirming the Department of
Commerce and Consumer Affairs' (**DCCA**) Findings of Fact,
Conclusions of Law and Decision, entered on April 3, 2009 (**PCH-
2009-1 Decision**), which concluded that Hawaiian Dredging was
entitled to an award of proposal preparation costs under Hawaii

---

[1] The Honorable Rhonda A. Nishimura presided.

Revised Statutes (**HRS**) § 103D-701(g) (2012).[2] DOT also challenges the following: (1) a September 1, 2009 order, which denied DOT and Goodfellow's requests to take judicial notice of DCCA's subsequent findings of fact, conclusions of law and decision, entered on July 2, 2009, (**PCH-2009-9 Decision**) on a related matter; and (2) an oral ruling by the Circuit Court on August 26, 2009, which denied consolidation of DOT and Goodfellow's appeal from the PCH-2009-1 Decision with Hawaiian Dredging's appeal from the PCH-2009-9 Decision.

In its points of error on this appeal, DOT contends that the Circuit Court erred when it: (1) denied the State's motion to take judicial notice of PCH-2009-9 Decision; (2) refused to consolidate the appeals of the PCH-2009-1 Decision and the PCH-2009-9 Decision; and (3) affirmed the DCCA's award of proposal preparation costs to Hawaiian Dredging.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve DOT's points of error as follows:

(1) DOT challenges the Circuit Court's denial of its motion for judicial notice on the ground that the Circuit Court "foreclosed its ability to have the full record of pertinent facts on the issue of the appropriateness of a proposal preparation costs award to [Hawaiian Dredging]." DOT also points to the DCCA's footnote in the PCH-2009-9 Decision, which notes that costs were awarded in the PCH-2009-1 Decision because Hawaiian Dredging's proposal "was not in evidence and therefore not subject to review." Therefore, DOT argues, the Circuit Court "disregarded the compelling circumstances in this case[,]" by refusing to take judicial notice of the PCH-2009-9 Decision.

---

[2]     HRS § 103D-701(g) (2012) provides:

> In addition to any other relief, when a protest is sustained and the protestor should have been awarded the contract under the solicitation but is not, then the protestor shall be entitled to the actual costs reasonably incurred in connection with the solicitation, including bid or proposal preparation costs but not attorney's fees.

Judicial review may be instituted in the Circuit Court by parties who are aggrieved by a final decision of a hearings officer in a section 103D-709 administrative proceeding. HRS § 103D-710(a) (2012). Review "shall be conducted <u>on the record of the administrative proceedings</u>, and briefs and oral argument."[3] HRS § 103D-710(d) (2012) (emphasis added). Moreover,

> <u>[n]o new evidence shall be introduced</u>, except that the circuit court may, if evidence is offered which is <u>clearly newly discovered evidence</u> and material to the just decision of the appeal, admit the same.

<u>Id.</u> Upon review of the administrative record, the Circuit Court may affirm the decision of the hearings officer, remand the case with instructions for further proceedings, or reverse or modify the decision and order

> if substantial rights may have been prejudiced because the administrative findings, conclusions, decisions, or orders are: . . . (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

HRS § 103D-710(e) (2012).

A court is limited in its review of a HRS § 103D-709 administrative proceeding to the record of that proceeding, except that "newly discovered evidence" which is material to the appeal may be admitted. While the Hawai'i courts have not yet analyzed the application or use of the "newly discovered evidence" exception of HRS § 103D-710(d), generally, "newly discovered evidence" is evidence that is discovered after trial, which could not have been discovered before or at trial through the exercise of due diligence. <u>See</u>, <u>e.g.</u>, <u>State v. Mabuti</u>, 72 Haw. 106, 112, 807 P.2d 1264, 1268 (1991) (defining "newly discovered evidence" in the context of a motion for new trial).

The PCH-2009-9 Decision was based entirely on Hawaiian Dredging's proposal as it existed at the time of the PCH-2009-1 proceeding. The PCH-2009-9 Decision did not invoke newly

---

[3] HAR § 3-126-66(a) states that the record shall consist of: "(1) All pleadings, motions, and intermediate rulings; (2) All evidence received or considered, including without limitations, oral testimony, exhibits, and matters officially noted by the hearings officer; (3) All offers of proof and rulings thereon; and (4) All proposed findings and exceptions."

discovered evidence in the PCH-2009-1 proceeding, as any flaws in Hawaiian Dredging's proposal could have been brought to the Hearing Officer's attention in the PCH-2009-1 proceeding. DOT's failure to have done so does not allow DOT to introduce the PCH-2009-9 Decision as "newly discovered evidence" on the appeal from the prior decision. The Hawai'i Supreme Court in Kelly v. 1250 Oceanside Partners cited a handful of cases from other jurisdictions which stand for the proposition that it is a party's responsibility to present evidence at trial in order to support its case.[4] 111 Hawai'i 205, 233-34, 140 P.3d 985, 1013-14 (2006). DOT failed to do so here and attempted to cure their failure on appeal to the Circuit Court through judicial notice.

Hawai'i courts have consistently held that a court's review of an administrative agency's decision is limited to issues properly raised in the record of the administrative proceedings. See, e.g., Kilauea Neighborhood Ass'n v. Land Use Comm'n, 7 Haw. App. 227, 236, 751 P.2d 1031, 1037 (1988) ("Judicial review of an agency decision is confined to the record of the agency proceedings."); HOH Corp. v. Motor Vehicle Indus. Licensing Bd., Dep't of Commerce & Consumer Affairs, 69 Haw. 135, 141, 736 P.2d 1271, 1275 (1987) (Judicial review of an agency

---

[4] Specifically the Kelly Court cites the following:

> Greenfield v. Lykes Bros. S.S. Co., 848 So. 2d 30, 33 (La. App. 2003) (stating that neither the trial court nor the appellate courts can consider documents that were "never properly offered, introduced, or admitted into evidence," as "[u]ntil such evidence is introduced, the opposing party has no opportunity to legally confront possibly determinative evidence"); David v. Cajun Painting, Inc., 631 So. 2d 1176, 1181 (La. App. 1994) (ruling that "[e]vidence filed into the record, but not introduced formally at trial, may not be considered by the appellate court"); Imprint Techs., Inc. v. Comm'r of Economic Sec., 535 N.W.2d 372 (Minn. App. 1995) (ruling that "matters not received into evidence at the trial may not be considered on appeal"); 1 John W. Strong, et. al., McCormick on Evidence, § 51, at 194 (4th ed. 1992) (noting that the adversarial system "imposes on the parties the burden of presenting evidence at the trial pursuant to rules and practices that make it clear when proof has been presented so that it is officially introduced and thereupon can be considered by the trier of fact in the resolution of fact issues").

determination must be "confined to issues properly raised in the record of the administrative proceedings below.").[5]

We also consider Hawaii Rules of Evidence (**HRE**) Rule 201, which governs the judicial notice of adjudicative facts and provides:

> A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

HRE Rule 201(a). Generally, whether or not a court takes judicial notice of adjudicative facts is within the court's discretion, however, a court "shall take judicial notice if requested by a party and supplied with the necessary information." HRE Rule 201(c), (d). The Hawai'i Supreme Court in State v. Akana, 68 Haw. 164, 165, 706 P.2d 1300, 1302 (1985), reported that it has "validated the practice of taking judicial notice of a court's own records in an interrelated proceeding where the parties are the same." In Akana, the State requested the trial court to take judicial notice of its own file, which was in the immediate possession of the court. Id. at 166, 706 P.2d at 1302. Because it was clear that the ready availability and accuracy of the court records in the file could not be questioned, the trial court was mandated to take judicial notice of the court records pursuant to HRE 201. Those circumstances are distinguishable from the facts in the instant case.

Here, at the time that DOT made its request to the Circuit Court to take judicial notice of the PCH-2009-9 Decision, Hawaiian Dredging was appealing that decision before the Circuit Court. The PCH-2009-9 proceeding was directly related to the matter at issue, but it was "subject to reasonable dispute" and its accuracy could reasonably be questioned. Although Hawaiian

---

[5] Although these articulations of policy are based on HRS § 91-14, the Hawai'i Supreme Court has held that at least some provisions of HRS § 103D-710 are virtually identical to those in HRS § 91-14. See CARL Corp. v. Haw. Dept. of Education, 85 Hawai'i 431, 446-47, 946 P.2d 1, 16-17 (1997). Additionally, the policy of confining judicial review of an agency decision to the record before the agency comports with HRS § 103D-710(d)'s requirement that judicial review "shall be conducted on the record of the administrative proceedings."

Dredging later withdrew its appeal of the PCH-2009-9 Decision, DOT did not renew its request to take judicial notice of the uncontested decision at that time. Akana is further distinguished from the instant case in that here, the Circuit Court was not the finder of fact in the PCH-2009-9 Decision; rather, DCCA was the finder of fact. As such, the Circuit Court was not asked to take judicial notice of the court's "own records," but rather those of the DCCA.

Accordingly, we conclude that the Circuit Court did not err when it entered its order denying DOT's request for judicial notice because (1) the PCH-2009-9 Decision was not "newly discovered evidence," as required under HRS § 103D-710(d), as it was based on evidence then existing at the time of the PCH-2009-1 proceeding, and (2) at the time of the request, the findings of fact and conclusions of law of the PCH-2009-9 Decision were being appealed by Hawaiian Dredging and, therefore, were subject to reasonable dispute.

(2) Appellate courts "may not decide moot questions or abstract propositions of law." Life of the Land v. Burns, 59 Haw. 244, 250, 580 P.2d 405, 409 (1978).

> It is well-settled that the mootness doctrine encompasses the circumstances that destroy the justiciability of a case previously suitable for determination. A case is moot where the question to be determined is abstract and does not rest on existing facts or rights. Thus, the mootness doctrine is properly invoked where events have so affected the relations between the parties that the two conditions for justiciability relevant on appeal - adverse interest and effective remedy - have been compromised.

In re Thomas, 73 Haw. 223, 225-26, 832 P.2d 253, 254 (1992) (citing Wong v. Bd. of Regents, Univ. of Haw., 62 Haw. 391, 394, 616 P.2d 201, 203-04 (1980)) (ellipsis and internal quotation marks omitted).

DOT argues that the Circuit Court erred in refusing its oral request to consolidate the appeals of PCH-2009-1 Decision and PCH-2009-9 Decision. Hawaiian Dredging objected to the consolidation. Because there was no objection to consolidating DOT's and Goodfellow's appeals from PCH-2009-1 Decision, the Circuit Court consolidated those appeals. However, the Circuit

Court refused DOT's oral request to consolidate the appeals from PCH-2009-1 Decision with Hawaiian Dredging's appeal of PCH-2009-9 Decision and instructed DOT to "file a motion to consolidate [those] appeals." There is nothing in the record on appeal to suggest that such motion was ever filed.

Later, at the oral argument on the PCH-2009-1 consolidated appeals, Hawaiian Dredging requested approval from the Circuit Court to withdraw its appeal of the PCH-2009-9 Decision filed July 2, 2009. The Circuit Court granted the request.

Because Hawaiian Dredging's appeal of DCCA's decision in PCH-2009-9 is no longer being pursued, the issue of consolidation is moot.

(3) Part VII of the Procurement Code, entitled "Legal and Contractual Remedies," sets out the procedure for resolving a variety of problems that may arise during the procurement process. See HRS §§ 103D-701 to -713 (2012). HRS § 103D-701(a) allows a prospective bidder, offeror, or contractor who is aggrieved in connection with the solicitation or award of a contract to protest to the chief procurement officer or a designee as specified in the solicitation. If the protest is not resolved by mutual agreement, the chief procurement officer or a designee is required to issue a decision in writing to uphold or deny the protest. HRS § 103D-701(c). "The several hearings officers appointed by the director of the department of commerce and consumer affairs . . . shall have jurisdiction to review and determine de novo, any request from any bidder, offeror, [or] contractor . . . aggrieved by a determination of the chief procurement officer . . . or a designee . . . under [HRS] section . . . 103D-701[.]" HRS § 103D-709(a). The hearings officer

> shall decide whether the determinations of the chief procurement officer or the chief procurement officer's designee were in accordance with the Constitution, statutes, rules, and the terms and conditions of the solicitation or contract, and shall order such relief as may be appropriate in accordance with this chapter.

HRS § 103D-709(h) (emphasis added). HRS section 103D-701(g) (Supp. 2011) provides:

7

In addition to any other relief, when a protest is sustained and the protestor should have been awarded the contract under the solicitation but is not, then the protestor shall be entitled to the actual costs reasonably incurred in connection with the solicitation, including bid or proposal preparation costs but not attorney's fees.

By its express terms, a protesting bidder "shall" be entitled to recover its bid preparation costs pursuant to HRS § 103D-701(g) "if: (1) the protest is sustained; (2) the protestor should have been awarded the contract; and (3) the protestor is not awarded the contract." CARL Corp., 85 Hawaiʻi at 456, 946 P.2d at 26.

Because the DCCA determined that Goodfellow's proposal was nonresponsive, Hawaiian Dredging's protest was sustained. Furthermore, it is clear from the record that Hawaiian Dredging was not awarded the Project contract. These issues are uncontested. The only remaining issue is whether the Hearings Officer erroneously determined that Hawaiian Dredging should have been awarded the Project contract. Because this issue presents a mixed question of fact and law, it is reviewed on appeal under the clearly erroneous standard. See Chun, 106 Hawaiʻi at 430, 106 P.3d at 353 (quoting Allstate Ins. Co., 105 Hawaiʻi at 453, 99 P.3d at 104).

In the PCH-2009-1 Decision, the Hearings Officer explained that Hawaiian Dredging is entitled to costs because its protest is sustained and because Hawaiian Dredging's point total was second to Goodfellow's point total. Accordingly, the Hearings Officer concluded that Hawaiian Dredging "has shown by a preponderance of the evidence that the contract should have been awarded to [Hawaiian Dredging], and as such, the Hearings Officer concludes that [Hawaiian Dredging] is entitled to bid preparation costs."

There is sufficient evidence in the record from which the Hearings Officer could have based her conclusion that Hawaiian Dredging should have been awarded the Project contract. In a letter dated January 14, 2009, DOT stated that "[Hawaiian Dredging's] proposal was considered responsive, so we agree that [Hawaiian Dredging's] proposal met the minimum requirements of

the RFP."  Further, the administrative record indicates that Hawaiian Dredging received the second-highest score behind Goodfellow.  At no time during the PCH-2009-1 administrative proceeding did the State take the position that Hawaiian Dredging's bid was nonresponsive.

On appeal, the State argues that the responsiveness of Hawaiian Dredging's proposal did not come up at the hearing "because the issue at [the] hearing were [sic] not whether [Hawaiian] Dredging's proposal was responsive, it was just Goodfellow's that was at issue," and "[t]here was ample evidence in the record that [Hawaiian] Dredging also had a lane problem meeting the requirements of the RFP."  Although the issue at the administrative hearing was whether Goodfellow was responsive to the proposal, pursuant to HRS § 103D-701, entitled "Authority to resolve protested solicitations and awards," if Hawaiian Dredging's protest was sustained, it would be entitled to bid preparation costs.  See HRS § 103D-701(g).  DOT's claim that it was never given the opportunity to introduce additional evidence proving or disproving that Hawaiian Dredging should have been awarded the contract because Hawaiian Dredging did not seek an award of proposal preparation costs is without merit.  Hawaiian Dredging explicitly requested in its request for an administrative hearing and in its closing argument that the Project contract should be awarded to Hawaiian Dredging.  Accordingly, the issue of whether Hawaiian Dredging should have been awarded the Project contract was properly before the Administrative Hearings Officer, and DOT had ample opportunity to introduce evidence into the record to show that Hawaiian Dredging was not entitled to the contract.

Although not specifically raised by DOT at the administrative level, DOT claims there was sufficient evidence in the record, which had it not been overlooked by the Hearings Officer, would have supported a finding that Hawaiian Dredging's proposal was nonresponsive and that it should not have been awarded the Project contract.  Namely, DOT points to its spreadsheet stating that Hawaiian Dredging's proposal does not

9

contain two 10-foot shoulder lanes as required by the RFP, and the January 14, 2009 letter in which DOT states that Hawaiian Dredging's proposal was inconsistent and had deficiencies in meeting the RFP's shoulder lane width requirement.

Despite the conflicting evidence, the Hearings Officer did not clearly err in determining that Hawaiian Dredging should have been awarded the contract and was therefore entitled to bid preparation costs. A mixed determination of law and fact is clearly erroneous when

> (1) the record lacks substantial evidence to support the finding or determination, or (2) despite substantial evidence to support the finding or determination, the appellate court is left with the definite and firm conviction that a mistake has been made. We have defined "substantial evidence" as credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion.

In re Water Use Permit Applications, 94 Hawai'i 97, 119, 9 P.3d 409, 431 (2000) (citation omitted). In administrative appeals involving public contracts, a hearing officer's factual findings, as well as conclusions of law that involve mixed questions of fact and law, are entitled to deference by a reviewing court and, as such, will not be reversed unless they are clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record. Okada Trucking Co. v. Bd. of Water Supply, 97 Hawai'i 450, 458, 40 P.3d 73, 81 (2002) (citations omitted).

Here, at the time of her decision, the administrative Hearings Officer reasonably relied on DOT's representation that Hawaiian Dredging's bid was responsive. Additionally, the Hearings Officer stated in the PCH-2009-1 Decision that she had "reviewed and considered the evidence and arguments presented, together with the entire record of this proceeding." The record indicated that DOT considered Hawaiian Dredging's proposal responsive and agreed that "[Hawaiian Dredging]'s proposal met the minimum requirements of the RFP." Additionally, it was clear from the record that Hawaiian Dredging received the second-highest score behind Goodfellow for its proposal. This evidence was of sufficient quality and probative value to enable the Hearings Officer to reasonably find that Hawaiian Dredging should

have been awarded the Project contract.  See In re Water Use Permit Applications, 94 Hawai'i at 119, 9 P.3d at 431.  Based on this information, there is nothing in the record to suggest that the Hearings Officer clearly erred, nor is there anything to warrant this Court's reversal of the Hearing Officer's decision as "the court should not substitute its own judgment for that of the agency."  Dole Haw. Div. - Castle & Cooke, Inc. v. Ramil, 71 Haw. 419, 424, 794 P.2d 1115, 1118 (1990) (citation omitted).  Accordingly, we conclude that the Circuit Court did not err when it affirmed the PCH-2009-1 Decision and its award of bid preparation costs to Hawaiian Dredging because the DCCA did not clearly err in its decision.

For these reasons, the Circuit Court's March 1, 2011 Judgment is affirmed.

DATED: Honolulu, Hawai'i, November 29, 2013.

On the briefs:

Stella M.L. Kam
Donna H. Kalama
Deputy Attorneys General
for Respondent-Appellant

Keith Y. Yamada
David F.E. Banks
(Cades Schutte)
for Petitioner-Appellee

Presiding Judge

Associate Judge

Associate Judge